PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-164-KJM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| LNU (aka FRANCISCO LOYA-SOLARZANO, aka "Uncle," aka "Pancho") | |
| ELIAS HERNANDEZ VALENCIA (aka "Pistola") | DATE: December 9, 2021 |
| FILIBERTO MADRIGAL (aka "Fily") | TIME: 10:00 a.m. |
| LUIS ARMANDO RIOS GARCIA (aka "Pee Wee") | COURT: Hon. Kimberly J. Mueller |
| GEORGINA CARRILLO AYALA | |
| HECTOR GOMEZ-GARCIA | |
| JOSE FRANCISCO BUENAVIDA (aka "Canas") | |
| ENRIQUE BUENAVIDA | |
| JOSE ANTONIO PANTOJA ESTRADA | |
| KELLY DUANE HUGHES | |
| JERRY CURTIS FOSTER | |
| BART RICHARD HUGHES | |
| JOSE MANUEL RODRIGUEZ (aka "Manny") | |
| ROBERTO MERCADO-RANGEL, | |
| Defendants. | |

This case was set for status conference on December 9, 2021. The undersigned parties now request to move the status conferences to February 14, 2022,, and to exclude time under the Speedy Trial Act, pursuant to the Court's General Orders, in the interest of public health and safety, and pursuant to Local Code T4 as well, for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, suspending jury trials in the Eastern District of California "until further notice." Under this order, a judge "may exercise his or her authority

to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

1. By this stipulation, the following defendants now move to continue the status conference in this matter to February 14, 2022,, and to exclude time between December 9, 2021, and February 14, 2022,, under Local Code T4, as well as under the Court's General Orders:

    a)      ELIAS HERNANDEZ VALENCIA (aka "Pistola")

    b)      FILIBERTO MADRIGAL (aka "Fily")

    c)      JOSE ANTONIO PANTOJA ESTRADA

    d)      JOSE MANUEL RODRIGUEZ (aka "Manny")

2. These parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes seven compact discs, containing over 400 pages of investigative reports, surveillance photographs, surveillance video, and T-III wiretap transcripts.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendants desire additional time to continue to review discovery, conduct investigation, communicate with the government and their respective clients, discuss possible resolutions, and prepare for trial.  The continuance is necessary to ensure continuity of counsel and for defense preparation.

c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) As to both cases, for the purpose of computing time for these defendants under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 9, 2021 to February 14, 2022,, inclusive, is deemed excludable pursuant to the Court's General Orders, in the interest of public health and safety, and 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Regarding defendant JOSE FRANCISCO BUENAVIDA (aka "Canas"), his counsel and the government agree and stipulate, and ask that the Court find, that the defendant's whereabouts remain unknown, despite the exercise of due diligence.  The parties ask that the Court find for the purposes of computing time for this defendant under the Speedy Trial Act, within which trial must commence, the time period of December 9, 2021 to February 14, 2022,, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(3)(A) & (B) [Local Code M].

4. Defendants KELLY DUANE HUGHES, JERRY CURTIS FOSTER, BART RICHARD HUGHES, ROBERTO MERCADO-RANGEL, GEORGINA CARRILLO AYALA, and LUIS ARMANDO RIOS GARCIA (aka "Pee Wee") have entered guilty pleas in this matter and been sentenced.

5. The defendants not mentioned in this stipulation have not yet appeared in this matter.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED**.

| Dated: December 9, 2021 | PHILLIP A. TALBERT<br>Acting United States Attorney |
| --- | --- |
| | /s/ JAMES R. CONOLLY<br>JAMES R. CONOLLY<br>Assistant United States Attorney |
| Dated: December 9, 2021 | /s/ HAYES GABLE III<br>HAYES GABLE III<br>Counsel for Defendant<br>ELIAS HERNANDEZ VALENCIA |
| Dated: December 10, 2021 | /s/ TONI WHITE<br>TONI WHITE<br>Counsel for Defendant<br>FILIBERTO MADRIGAL |
| Dated: December 10, 2021 | /s/ OLAF HEDBERG<br>OLAF HEDBERG<br>Counsel for Defendant<br>JOSE FRANCISCO BUENAVIDA |
| Dated: December 10, 2021 | /s/ DINA SANTOS<br>DINA SANTOS<br>Counsel for Defendant<br>JOSE PANTOJA ESTRADA |
| Dated: December 9, 2021 | /s/ DAVID D. FISCHER<br>DAVID D. FISCHER<br>Counsel for Defendant<br>JOSE RODRIGUEZ |

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED. The status conference in this matter is set for February 14, 2022, and the time between December 9, 2021, and February 14, 2022, is excluded.

DATED: February 10, 2022.

CHIEF UNITED STATES DISTRICT JUDGE