UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>Elias Hernandez Valencia,<br><br>                Defendant. | No. 2:18-cr-00164-KJM SCR<br><br>ORDER |

       Defendant Elias Hernandez-Valencia moves to vacate his conviction and sentence under 28 U.S.C. § 2255. For the reasons explained below, the court refers the matter to the assigned magistrate judge for an evidentiary hearing on defendant's first claim, denies claims two and three as withdrawn and defers resolution of claim four.

**I.    BACKGROUND**

       On March 13, 2023, Hernandez-Valencia pleaded guilty to one charge in the indictment, Indictment, ECF No. 52, charging a violation of 21 U.S.C. §§ 846, 841(a)(1), Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine. *See* Mins. Change of Plea, ECF No. 443; Plea Agreement at 3, ECF No. 446. He was represented at that time by attorney Michael E. Hansen. *See* Plea Agreement at 9. As part of his plea agreement, Hernandez-Valencia reviewed and signed a Factual Basis admitting to, among other things, delivering and collecting drugs and operating a methamphetamine conversion laboratory in his home as part of a

1

drug trafficking organization and that the "total amount of methamphetamine (actual) DEA agents seized . . . was 8.02 kilograms." *See* Plea Agreement, Ex. A (Factual Basis), ECF No. 446. Hernandez-Valencia also agreed to a waiver of his appeal and collateral attack rights as follows:

> The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Plea Agreement at 7. Also under the terms of the agreement, the government agreed to recommend a sentence at the low end of the applicable guideline range as determined by the court, recommend a two-to-three level reduction for acceptance of responsibility, and dismiss with prejudice all other charges in the indictment. *See id.* at 4–5. The court accepted defendant's plea after a thorough colloquy in open court. *See* Mins. Change of Plea, ECF No. 164; Change of Plea Hr'g Tr., ECF No. 527.

The Probation Office prepared a presentence investigation report (PSR) and used a base offense level of thirty-eight relying on the Guideline provisions for 21 U.S.C. § 841. PSR ¶ 22 (under seal), ECF No. 481. Specifically, the PSR used the Guideline's Drug Quantity table to calculate the base offense, and consistent with the Factual Basis, relied on the Methamphetamine (actual) calculation, rather than the Methamphetamine (mixture) calculation. *Id.* After providing various adjustments consistent with the Guidelines, the PSR determined Hernandez-Valencia's total offense level was 42, and his Criminal History was II, which yielded a Sentencing Guideline range of 360 months to life. *Id.* ¶¶ 32, 41; Sent'g Recommendation at 1 (under seal), ECF No. 481-1. Consistent with its obligations in the plea agreement, the government recommended a sentence of 360 months. Gov't Sent'g Mem. at 1, ECF No. 487.

At sentencing, Hernandez-Valencia, represented by Mr. Hansen, objected to the Probation Office's calculation of his base level offense level, arguing the two point enhancement for Possession of a Firearm under U.S.S.G. § 2D1.1(b)(1), and the three point enhancement for his role in the offense under U.S.S.G. § 3B1.1(b), should be stricken. Def.'s Objs., ECF No. 482. The court rejected the objections and imposed a sentence at the bottom of the range of the guidelines: 360 months in prison, $100 special assessment and 60 months of supervised release. *See* J. & Commitment, ECF No. 494.

Less than a week later, Hernandez-Valencia filed a pro se motion to correct or vacate his sentence under 28 U.S.C. § 2255. Mot., ECF No. 495. The court appointed an attorney to represent him in making these claims, *see* Min. Order (Mar. 11, 2024), ECF No. 498, and his appointed counsel has filed an amended motion, *see generally* Am. Mot., ECF No. 538. Hernandez-Valencia raises four claims for relief, each asserting ineffective assistance of counsel:

1) Hernandez-Valencia's entry into the plea agreement and guilty plea were not knowing and voluntary because defense counsel advised him that the maximum prison sentence he could expect was sixteen years;

2) Hernandez-Valencia's entry into the plea agreement and guilty plea were not knowing and voluntary because defense counsel advised him to agree to a factual basis that appears to overstate the weight of the methamphetamine found in his home;

3) Defense counsel committed ineffective assistance of counsel at sentencing by failing to object to the amount of Methamphetamine (Actual) the PSR states was found in Hernandez-Valencia's home; and

4) Defense counsel committed ineffective assistance of counsel at sentencing by failing to argue that this court should use the Methamphetamine Mixture Guideline, rather than the "Methamphetamine (Actual)" Guideline, in determining the base offense level.

*See generally id.* The government opposes. *See* Opp'n, ECF No. 579. In his reply, Hernandez-Valencia withdraws Claims Two and Three described above, and the court therefore does not address those claims in this order. Reply, ECF No. 580.

3

1   The court reviewed the motion and briefing and noted the absence of any request for an
2   evidentiary hearing. The court tentatively construed this absence as an indication the parties did
3   not believe such a hearing is necessary and permitted the parties each to submit a supplemental
4   brief addressing whether an evidentiary hearing is necessary or otherwise clarifying their
5   positions. ECF No. 582. The parties have filed their supplemental briefs. *See* Gov't Suppl. Br.,
6   ECF No. 584; Def.'s Suppl. Br., ECF No. 587. The parties each confirmed they do not believe an
7   evidentiary hearing is necessary. The court, in its discretion and consistent with the Local Rules,
8   now takes the matter under submission without oral argument. E.D. Cal. L.R. 230(g).

## II.   CLAIM ONE

### A.   Waiver

11   As the government correctly argues, "[a] knowing and voluntary express waiver of the
12   right to collateral attack under § 2255 in a plea agreement is enforceable." *United States v. Ortiz*,
13   No. 15-00124, 2019 WL 6727565, at *2 (E.D. Cal. Dec. 11, 2019) (collecting authority). At the
14   same time, "[w]aivers of appellate rights or the right to collateral attack are unenforceable,
15   however, with respect to ineffective assistance of counsel claims challenging the voluntariness of
16   the waiver itself." *Id.* (citing *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005)). Claims
17   of ineffective assistance of counsel often implicate the validity of plea agreements secured by the
18   allegedly ineffective counsel, and those claims are not normally considered waived by plea
19   agreements. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea
20   agreement could waive a claim of ineffective assistance of counsel based on counsel's
21   erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea
22   bargain"); *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996) (general waiver does not
23   include claims of ineffective assistance brought under section 2255). Hernandez-Valencia's first
24   claim argues that his attorney mischaracterized the likely outcome of the plea bargain. The
25   government does not argue that this claim is waived. *See* Opp'n at 25. This claim goes to the
26   core of Hernandez-Valencia's knowledge and voluntariness and therefore cannot be waived by
27   the collateral-attack waiver in the agreement. *See Pruitt*, 32 F.3d at 433; *Baramdyka*, 95 F.3d
28   at 844.

B.  **Merits Analysis & Evidentiary Hearing**

Having determined Claim One is not waived by the plea agreement, the court proceeds to an analysis of the claim on the merits. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). To state a claim for relief based on ineffective assistance of counsel, Hernandez-Valencia must show: (1) "counsel's representation fell below an objective standard of reasonableness" and (2) counsel's deficient performance was prejudicial to the outcome. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691 (1984). Where a defendant challenges his guilty plea based on ineffective assistance of counsel, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005).

As relevant to Hernandez-Valencia's first claim "[a] defendant can satisfy the 'deficient performance' prong of the [*Strickland*] test by showing that counsel induced him to plead guilty by presenting a 'gross mischaracterization of the likely outcome.'" *Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir. 1994) (quoting *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986)) (superseded by statute on other grounds). Hernandez-Valencia must show the advice he received from Mr. Hansen was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (alteration in original) (quoting *United States v. Day*, 969 F.2d 39, 43 (3rd Cir. 1992)).

Hernandez-Valencia avers Mr. Hansen gave ineffective assistance during the plea-bargaining process when Hansen "told him the maximum sentence he was likely to get if he entered the plea agreement was 16 years," when his actual exposure under the plea agreement was 360 months (30 years) to life, as reflected in the PSR. Hernandez-Valencia Decl. ¶ 2, Def. Ex. A, ECF No. 538-1; Sent'g Recommendation at 1. Defense counsel cites to multiple cases in which courts have found similar mischaracterizations of a defendant's sentencing exposure to

5

1   satisfy the first prong of *Strickland*. *United States v. Manzo*, 675 F.3d 1204, 1210–11 (9th Cir.
2   2012); *United States v. Hanson*, 339 F.3d 983, 990 (D.C. Cir. 2003); *United States v. Thrift*, No.
3   14-0308, 2024 WL 627002, at *11 (E.D. Cal. Feb. 14, 2024), *findings and recommendations*
4   *adopted*, 2024 WL 1655093 (E.D. Cal. Apr. 17, 2024).

5         The government disagrees and argues that the language of the plea agreement and the
6   court's warnings during the plea colloquy indicate Hernandez-Valencia was clearly informed of
7   the potential consequences under the plea agreement. *See* Opp'n at 13–14. But in the Ninth
8   Circuit, the court's and the government's warnings to a defendant during the plea hearing about
9   the possible length of the sentence cannot cure defense counsel's error. *See United States v.*
10  *Rodriguez-Vega*, 797 F.3d 781, 787 (9th Cir. 2015) (warnings during plea colloquy are "simply
11  irrelevant to the question whether *counsel's* performance fell below an objective standard of
12  reasonableness." (emphasis in original)). The government also argues it is unlikely that Mr.
13  Hansen "would tell a client with such a high offense level, an alleged managerial role in a large
14  DTO, and a prior drug trafficking felony conviction, that he was unlikely to face any more than
15  16 years." Opp'n at 16. In support of its opposition, the government submits a declaration from
16  Mr. Hansen, stating as follows:

> When advising Mr. Hernandez-Valencia about whether to accept the
> government's offer in this case, I do not recall telling him he would
> receive no more than 16 years imprisonment for his conviction. I do
> not believe I would have said anything of the kind because a sentence
> that low would have been unlikely in Mr. Hernandez-Valencia's
> case.

23  Hansen Decl. ¶ 6, ECF No. 579-1.

24        The conflicting evidence in this case raises the issue of whether an evidentiary hearing is
25  appropriate and necessary. "When a defendant files a motion under 28 U.S.C. § 2255, the district
26  court 'shall' grant an evidentiary hearing '[u]nless the motion and the files and records of the case
27  conclusively show that the prisoner is entitled to no relief.'" *United States v. Rodriguez*, 49 F.4th
28  1205, 1213 (9th Cir. 2022) (alteration in original) (quoting 28 U.S.C. § 2255 and citing *United*
29  *States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004)). "A hearing must be granted unless the
30  movant's allegations, when viewed against the record, do not state a claim for relief or are so

palpably incredible or patently frivolous as to warrant summary dismissal." *Id.* (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). That is, "a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims." *Id.* (quoting *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)). Here, because the record reflects the very different recollections of Hernandez-Valencia and Mr. Hansen, it appears an evidentiary hearing is necessary on Claim One "unless the record 'conclusively' disprove[s]" prong two of the *Strickland* test. *Id.* at 1216 (quoting *Howard*, 381 F.3d at 877).

Under the second *Strickland* prong, the court analyzes whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Rodriguez-Vega*, 797 F.3d at 788. Hernandez-Valencia asserts "if he had known the plea agreement exposed him to a 360-month-to-life sentence, he would not have entered the plea agreement and instead would have sought a better plea agreement or gone to trial." Am. Mot. at 14 (citing Hernandez-Valencia Decl. ¶ 4). In addition to Hernandez-Valencia's sworn statement in his declaration, his counsel on this motion also points to "the fact that the case was pending against him for more than four years" as supporting an inference he was willing to go to trial if not for the plea agreement and Mr. Hansen's erroneous advice. *Id.*

No evidence suggests Hernandez-Valencia could have obtained a better plea agreement. He submits no evidence of similar cases in which the government agreed to more favorable agreements for similarly situated defendants. Nor has he offered any statistical evidence about the proportion of similarly situated defendants who received lower sentences. *Cf. United States v. Raya-Vaca*, 771 F.3d 1195, 1209 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 1959 (2020) (finding prejudice based on statistical evidence in record about similarly situated defendants in immigration context). The court finds the record does not support Hernandez-Valencia's argument that he could have obtained a better plea agreement.

As noted, Hernandez-Valencia does claim, however, he would have proceeded to trial if his attorney had accurately advised him of his sentencing exposure. Hernandez-Valencia Decl. ¶ 4. The government disagrees and points to the detailed nature of the plea colloquy, which advised him of the possibility of life in prison upon conviction, as evidence Hernandez-Valencia was not prejudiced. *See* Change of Plea Hr'g Tr. at 9–10, ECF No. 527. As with the contested evidence about what advice Hernandez-Valencia's counsel provided in connection with his plea, the counterfactual inquiry of "what a defendant would have done" also is particularly appropriate for an evidentiary hearing. *See United States v. Werle*, 35 F.4th 1195, 1206 (9th Cir. 2022).

Because the motion and records of the case do not conclusively show Hernandez-Valencia is not entitled to relief, the court must hold an evidentiary hearing to determine if Hernandez-Valencia's entry into the plea agreement was knowing and voluntary and whether he suffered prejudice as a result of his attorney's allegedly ineffective assistance. That is true even if, as Hernandez-Valencia states in his supplemental brief, a hearing is "not likely to sharpen either [his own] or Mr. Hansen's memory" and the circumstances might imply "Mr. Hansen did not explain to Mr. Hernandez-Valencia that he would be facing an advisory Guidelines range of 360-months-to-life." Def.'s Suppl. Br. at 2. Nor can the court agree with the government's view of the record as demonstrating Mr. Hernandez-Valencia is not credible. His credibility, as well as Mr. Hansen's memory of their conversations, can only be judged with the benefit of more information about the circumstances, the reasons they have reached the beliefs expressed in their respective declarations and observation of their demeanor. As summarized above, controlling precedent makes an evidentiary hearing mandatory unless the moving defendant's claims are factually or legally invalid. The court cannot reach that conclusion on the current record.

### III.   CLAIM FOUR

The answer to the question whether Hernandez-Valencia's plea was knowing and voluntary will also determine whether he waived a collateral attack to Claim Four in the plea agreement. Although "[a] knowing and voluntary express waiver of the right to collateral attack under § 2255 in a plea agreement is enforceable," *Ortiz*, 2019 WL 6727565, at *2, "[w]aivers of appellate rights or the right to collateral attack are unenforceable, however, with respect to

1   ineffective assistance of counsel claims challenging the voluntariness of the waiver itself." *Id.*
2   (citing *Lampert*, 422 F.3d at 870).  Claims of ineffective assistance of counsel often implicate the
3   validity of plea agreements secured by the allegedly ineffective counsel, and those claims are not
4   normally considered waived by plea agreements.  *See Pruitt*, 32 F.3d at 433; *Baramdyka*, 95 F.3d
5   at 844.

6   Regarding Hernandez-Valencia's fourth claim asserting counsel improperly failed to make
7   a particular argument at sentencing, this claim would be waived if Hernandez-Valencia's entering
8   into the plea agreement was knowing and voluntary.  At the outset, the court declines to consider
9   the Department of Justice Guidelines he cites.  *See* Am. Mot. at 19–20; Reply at 3.  In analyzing
10  the waiver provision of the agreement, the court does not consider those Guidelines, in place at
11  the time the parties entered into the plea agreement, without evidence of fraud, duress, or a
12  mutual mistake, because doing so would be an improper consideration of parol evidence.  *United*
13  *States v. Pacheco-Osuna*, 23 F.3d 269, 271 (9th Cir. 1994) ("[W]e have previously eschewed the
14  invitation to consider parol evidence for the purpose of adding terms to or changing the terms of
15  an integrated plea agreement.").

16  Hernandez-Valencia also argues his fourth claim is not waived because the Ninth Circuit
17  has held that "waiver does not bar the defendant from challenging an illegal sentence."  Reply at
18  6 (citing *United States v. Wells*, 29 F.4th 580, 584 (9th Cir. 2022)).  But in *Wells*, the Ninth
19  Circuit clarified that "an 'illegal sentence' has a very limited and precise meaning," i.e., it is "'not
20  authorized by the judgment of conviction or in excess of the permissible statutory penalty for the
21  crime.'"  *Id.* (quoting *United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016) and *United States v.*
22  *Vences*, 169 F.3d 611, 613 (9th Cir. 1999)).  Here, Hernandez-Valencia's fourth claim does not
23  argue his sentence exceeds permissible statutory penalties; it is not "illegal" as defined by *Wells*.
24  Finally, Hernandez-Valencia's fourth claim "does not assert that [he] did not understand
25  the terms and consequences of the plea agreement actually offered to him, nor does it assert that
26  [he] was induced by promise or threats to enter the agreement."  *Rodriguez*, 49 F.4th at 1213.
27  Instead, it rests on an argument about his counsel's advocacy at the sentencing stage, after
28  Hernandez-Valencia had entered into the plea agreement.  This claim does not challenge whether

9

1  Hernandez-Valencia entered into the agreement knowingly and voluntarily and it therefore
2  "cannot be exempted from the provisions of the collateral-attack waiver" if the plea agreement as
3  a whole was made knowingly and voluntarily. *Id.*
4      As defense counsel correctly points out, "'waivers of appeal must stand or fall with the
5  agreement of which they are a part'" and courts in the Ninth Circuit "assess the knowing and
6  voluntary nature of an appeal/collateral-attack waiver by assessing the knowing and voluntary
7  nature of the plea agreement as a whole." *Id.* at 1212 (quoting *Lo*, 839 F.3d at 784 and *United
8  States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999)). That is, if the court finds
9  Hernandez-Valencia entered into the plea agreement knowingly and voluntarily, the court must
10 also conclude his right to challenge his attorney's representation at sentencing is waived under the
11 agreement. The court therefore reserves a determination on Claim Four until after an evidentiary
12 hearing is held.

### IV. CONCLUSION

    For the reasons above, Mr. Hernandez-Valencia is entitled to an evidentiary hearing on claim one in his amended motion to vacate or reduce his sentence. The court refers the matter to the assigned magistrate judge for the purpose of conducting an evidentiary hearing on the limited question described above and presenting findings and recommendations based on the record created at the hearing. Claims two and three are denied as withdrawn, and the court defers its decision on claim four of the amended motion at ECF No. 538, which remains pending.

    IT IS SO ORDERED.

DATED: October 28, 2025.

    SENIOR UNITED STATES DISTRICT JUDGE